Judge Wright:
I concur with my brethren in the points just decided, as to all the defendants but Barr. As to him, my mind does not yield its assent to the proposition decided by the majority of the court. I think the case in proof. clearly shows, that in the purchase and withdrawal of the six hundred shares of the stock by Barr, there was fraud to give this court jurisdiction of the matter, and that common justice imposes upon us an obligation to take from the actor the resulting benefits, the retention of which injures his cocorporators. To my mind, the assumption, that inasmuch as the purchase of this stock was fraudulent, the subsequent fraudulent withdrawal of the money paid for it, restores the parties to the situation they occupied before the fraud was practiced, and so takes away the right to relief, looks more to form than to the real nature of the transaction. Does the first fraud so neutralize the second as to destroy its power to injure? Does the fact, that the first act of fraud failed of its object, authorize the failing party to engage in another act equally fraudulent, freed from responsibility *230 for the injury it occasions? We all agree that the whole transaction was tainted with fraud. That being the case, I can not imagine how the fact that no injury resulted from the purchase of the stock and paying into the coffers of the bank sixty thousand dollars, can justify and sustain the fraudulent withdrawal of the like sum, and throwing the loss of it upon his fellow-corporators. The fraud which injured the corporation, in my view of the case, was the withdrawing of the sixty-thousand dollars capital, crippling its means, and involving the stockholders in the entire loss. To remedy this, I feel called upon to compel him to repay this money into bank, and to retake the stock he surrendered.